## MATTER OF TOTH

### In Section 212(a)(28)(I) Proceedings

### A-13694479

*Decided by Regional Commissioner August 21, 1964*

A native of Hungary and naturalized citizen of Canada, married to a naturalized citizen of the United States, who was a member of the Communist Party of Hungary from 1948 to 1956, when he left Hungary, is granted classification as a defector, pursuant to section 212(a)(28)(I)(ii), Immigration and Nationality Act, since his admission to the United States would be in the public interest and he has demonstrated opposition to communism within the contemplation of that section, having testified that at the time of the 1956 Revolution he was a captain in the Hungarian army and aided the revolutionaries by furnishing them cars, auto parts, and fuel; that he has completely disavowed and, in fact, never believed in communism; that he opposed communism in Canada since 1956 by speaking out against communism among old-time Hungarians and by participating in plays to raise money to send Hungarian refugees in Austrian camps; and six residents of Canada attest to his active opposition to communism during the 6 to 7 years they have known him.

The applicant is a citizen of Canada, born October 2, 1914 in Moson, Hungary. He left Hungary in 1956, after the Revolution failed, and went to Vienna where he applied for an immigrant visa for the United States. When this was refused, he went to Canada and was naturalized as a Canadian citizen on December 21, 1962. He entered the United States as a temporary visitor on April 6, 1963, and on April 18, 1963, married a naturalized citizen of the United States. They are expecting the birth of their first child in May 1964. The applicant was employed in Canada as a painter and laborer, and in the United States has been employed as an auto mechanic. He admits membership in the Hungarian Workers' Party, also known as the Communist Party of Hungary (Magyar Dolgozok Partija, or MDP) for 8 years, from 1948 to 1956, when he left Hungary. He now seeks classification as a defector so that he will be in a position to prosecute his application for status as a per-

manent resident under section 245 of the Immigration and Nationality Act.

The applicant has testified that he joined the Social Democratic Party in Hungary in 1948. This party merged with the Communist Party a few months later, and he continued his membership after the merger because the director of the hospital where he worked told him he would lose his job if he dropped out. He estimated that two thirds of the employees at the hospital were Communist Party members. He attended meetings of the Communist Party regularly because he had to, and said that communism was taught at these meetings. Dues were not required, but he contributed money to the party. The only office he held was that of sports manager for a group of about 30 Communist Party members who were employed in the hospital where he worked. He testified that he served in the Hungarian Army for about 7 years, from 1937 to 1943, and in 1951 he voluntarily enlisted in the Hungarian Communist Army as an officer-candidate in order to better himself, as he was poorly paid in the hospital where he worked. He remained in the army until he left Hungary in 1956 and attained rank of Captain. He testified that he continued his membership in the Communist Party during this entire period but held no office in the party while he was in the army. He said he was required to take political training and to disseminate propaganda but was not required to recruit party members.

The applicant has testified that at the time of the 1956 Revolution in Hungary, he was a captain in the army, in charge of cars and helped the Revolutionaries by furnishing them with cars, auto parts and fuel. He also testified that he has completely disavowed communism, and in fact never believed in communism. He claims to have opposed communism in Canada since 1956 by speaking out against communism among old-time Hungarians and by participating in plays to raise money to send to Hungarian refugees in Austrian camps. The file contains statements by six residents of Canada who have known the applicant for 6 to 7 years. All attest to his active opposition to communism during the time they have known him. The file contains a statement by the Rev. Louis J. Horanyi of Our Lady of Hungary Catholic Church in Vancouver, Canada, certifying that the applicant was a member of that church for 5 years and recommending him as a trustworthy and reliable person of good reputation. Security checks by this Service has disclosed no additional derogatory information concerning this subject.

After a careful review of the record it is concluded that the applicant has demonstrated opposition to communism as contemplated

4

by section 212(a)(28)(I)(ii) of the Immigration and Nationality Act and that his admission to the United States would be in the public interest.

ORDER: It is ordered that the application for status as a defector pursuant to section 212(a)(28)(I)(ii) of the Immigration and Nationality Act be granted.